### OLLISON et ux. v. NORMAN et al.
### No. 10800.

Court of Civil Appeals of Texas. Dallas.
July 12, 1930.

J. E. Whitehead and V. D. Adamson, both of Dallas, for appellants.

Geo. T. Burgess, of Dallas, for appellees.

VAUGHAN, J.

Appellants, Guy Ollison and wife, Lottie Ollison, on April 1, 1930, presented to Hon. Kenneth Foree, judge of the Fourteenth judicial district, their petition for injunction against appellees, G. W. Norman and the Supreme Camp of the American Woodmen of Denver, Colo., viz.:

"That the said plaintiffs are the owners of and occupying as their homestead in the City of Dallas, Dallas County, Texas, that certain tract of real estate designated (here follows a description by metes and bounds of the property).

"That the defendant, the Supreme Camp of the American Woodmen of Denver, Colorado, is claiming some right, title, interest, estate, lien or encumbrance in and to, upon and against the said property of the plaintiffs, hereinbefore described, which claim of the said defendant is adverse to the right, title, interest, estate and ownership of the plaintiffs herein, and which constitutes a cloud upon the plaintiffs' title thereto, but which claim of the said defendant is not definitely known to these plaintiffs, and for that reason is not specifically plead herein.

"That the defendant G. W. Norman and G. W. Norman, Trustee (both one and the same person), and G. T. Burgess, attorney for the defendants, has posted a purported notice of Trustee's sale, in which said notice the trustee, the defendant G. W. Norman, states that he will upon Tuesday, the 1st day of April, 1930, sell plaintiffs' property in satisfaction of a deed of trust, alleged to be owned and held by the defendant, the Supreme Camp of the American Woodmen of Denver, Colorado, in the principal sum of $2,500.00 together with interest thereon, and in addition to said principal and interest, said trustee states there is due upon said deed of trust, or the note secured thereby, an additional sum of $261.88 as attorney fees.

"That said sums are exorbitant and are greater than the amount called for in the note, which the said trustee contemplates to foreclose. That the exact sum due upon said note is only $180.09, together with interest at the rate of 7% per annum from February 20, 1930. That no attorney fees are due or unpaid; that said note has not been placed in the hands of an attorney for collection, and that under the terms of the deed of trust the defendants are not now entitled to foreclosure of the said deed of trust, nor are they entitled to judgment, nor are they entitled to collect the excessive sums stated in said purported notice of trustee's sale.

"That the indebtedness described in the said purported notice of trustee's sale is not a valid lien upon plaintiffs' homestead or the lands described in said notice. That the proceeds of said indebtedness was not used in the payment of any existing liens upon plaintiffs' homestead nor for the erection of any improvements upon the same. That the property hereinbefore described, and in said purported notice of trustee's sale described, is now the homestead of these plaintiffs, and as such is exempt from said contemplated sale, and the said plaintiffs, and each of them, now here claim said property as their homestead, and claim the exemptions to which they are entitled."

—the prayer to said petition being for writ of injunction "restraining the defendants, and each of them, from selling said property under the purported notice of trustee's sale upon Tuesday, April 1, 1930, or upon any other date, until final hearing hereof." Judge Foree indorsed his fiat on said petition as follows: "When the plaintiff shall have filed a properly conditioned bond in the sum of $1,000.00, the clerk will issue a temporary restraining order as prayed against the defendant"—and the writ was duly issued and served on April 1, 1930. Appellee, on April 3, 1930, duly moved for the dissolution of said injunction, on the following grounds:

"1st. Plaintiffs' petition is indefinite, vague and uncertain and shows no equity upon its face, and

"2d. Because the indebtedness evidenced by the note due by plaintiffs to defendant, the Supreme Camp of the American Woodmen of Denver, Colorado, is secured by valid liens upon the property described in plaintiffs' petition, same having been given in payment of said property, and are valid liens thereon, the plaintiffs having on November 26, 1928, executed their certain note for $2,500.00, payable to the defendant, the Supreme Camp of the American Woodmen of Denver, Colorado, in twelve quarterly installments of $105.00 each, and one installment for the balance, the first installment due on or before the 20th day of February, 1929, and one on the like day of each third month thereafter, with interest at the rate of seven per cent., and with interest on past due installments of principal and interest at the rate of ten per cent. per annum; that said note was given to evidence money advanced by defendants to plaintiffs at the request of plaintiffs to take up, renew and extend the following indebtedness then secured by valid liens on said property:

" 'The unpaid balance of $1,300.00 of a note for $1,688.00, dated May 1, 1926, executed by Price A. Wren and wife, Mamie Wren, and payable to order of H. L. Crown in monthly installments and described in deed of trust of even date therewith to Edw. A. Belsterling, trustee; the unpaid balance of $55.00 of note for $341.81, dated Mar. 20, 1924, executed by Price A. Wren and wife, Mamie Wren, and payable to order of Fuller Con-

struction Company, one to five years after date and described in contract of even date therewith between said Fuller Construction Co. and Price A. Wren and wife; one note for $1,000.00 dated Sept. 12, 1923, executed by Price A. Wren and payable to E. L. Gordon five years after date, and described in deed of even date therewith from E. L. Gordon and wife, Mittie B. Gordon to Price A. Wren, and in deed of trust of even date therewith to A. Martin, trustee; the sum of $145.-00 of the indebtedness hereby secured was advanced by the party of the third part for the payment of city, state and county taxes on the property hereinbefore described, etc.'

"All of which liens were represented by plaintiffs to defendants to constitute a valid and subsisting lien upon said real property, and to all of which indebtedness the defendant, the Supreme Camp of the American Woodmen of Denver, Colorado, was subrogated; that default has been made in the payment of said note, and in accordance with the terms thereof and the deed of trust securing same the said The Supreme Camp of the American Woodmen of Denver, Colorado, has declared all of said note due and payable, and said note provides that if same is not paid at maturity and same is placed in the hands of an attorney for collection, then 10% additional on the principal and interest then owing shall be paid as attorney's fees.

"That default was made in the payment of said note and same was placed in the hands of an attorney and it is necessary for said defendant to employ an attorney in this suit, whereby defendant is entitled to attorney's fees provided for in said note.

"That there is now due and owing on said note as principal and interest as of date February 20, 1930, the sum of $2602.88, with interest thereon from that date, as provided in said note and deed of trust, and attorney's fees."

The Supreme Camp of the American Woodmen of Denver, Colo., will hereinafter be designated as appellee Supreme Camp.

Said motion was heard on April 21, 1930, by the Honorable Claude McCallum, judge of the 101st judicial district of Texas, sitting for Hon. Towne Young, judge of the Forty-Fourth judicial district of Texas, and from his order granting said motion appellants prosecuted this appeal. On said hearing evidence was introduced which established all of the grounds alleged in said motion.

Appellants' appeal is based upon the following propositions:

"1. There was no request or demand by the holder of the note upon the Trustee to sell.

"2. There was no demand for payment and no notice of election made to accelerate.

"3. That the letter written to Guy Ollison is insufficient as a notice of election to accelerate payment.

"4. That demand for payment and notice of election to accelerate payment must have been made upon Lottie Ollison, the wife, who is a maker of the note, has a community interest in the property and occupies the same as her homestead.

"5. That the notice of Trustee sale mailed to Guy Ollison upon the same day it was posted and received by him at a later date contained an excessive demand of $261.88 attorney fees and was, therefore, a notice to the effect that payment would not be received unless this excessive demand was paid.

"6. That the $261.88 attorney fees demanded is illegal, same cannot be collected through a Trustee's sale and an attorney has no function at a Trustee sale and that his services are not contemplated at the Trustee's sale in the Deed of Trust, a contract between the parties."

Said propositions not being related or germane to any of the grounds alleged by appellants for the equitable relief sought, cannot be considered, for to do so we would have to assume grounds to have been alleged that were not before the trial court, even by implication from the grounds in fact alleged. It was solely on the grounds alleged in appellants' petition that the judge granting the injunction could determine appellants' right to the equitable relief sought; and likewise the motion to dissolve had to be addressed to and deal only with the facts alleged by appellants as the basis for relief by injunction from the alleged threatened acts and conduct on the part of appellees that would, if not restrained, work irreparable injury to appellants.

Therefore, inasmuch as said petition did not allege as grounds for the relief sought a state of facts upon which said propositions, or either one thereof, could be predicated, same present no grounds for reviewing the judgment dissolving the writ of injunction. The appeal from said judgment presented the case to this court just as same existed before the trial court on hearing of the motion to dissolve. Regardless of what facts may have been established on the hearing of the motion to dissolve, it was only such that corresponded to the allegations made as grounds for equitable relief that could have been considered and given effect in passing upon the motion to dissolve the writ of injunction. The above rules of equity procedure were correctly applied in the instant case; therefore the judgment of the trial court is affirmed.

Affirmed.